# NOS. 12-20-00122-CR
## 12-20-00146-CR
## 12-20-00147-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JACOB BAILEY WRIGHT,* *APPELLANT* | § | *APPEALS FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Jacob Bailey Wright appeals from his three convictions for aggravated assault with a deadly weapon. In trial court cause numbers 114-0688-19 and 114-0689-19, Appellant pleaded "guilty" and signed waivers of appeal. The trial court signed orders of deferred adjudication and placed Appellant on community supervision for ten years in each case. In trial court cause number 114-0687-19, Appellant pleaded "guilty" and a jury sentenced him to ten years imprisonment, probated for ten years. Appellant signed a waiver of appeal.

The State subsequently filed a motion to adjudicate guilt in cause numbers 114-0688-19and 114-0689-19 and a motion to revoke in cause number 114-0687-19. In trial court cause numbers 114-0688-19 and 114-0689-19, Appellant signed written plea admonishments in which he pleaded "true" to violating the conditions of his community supervision and acknowledged his understanding that applications had been filed to proceed to final adjudication. The trial court found Appellant "guilty" and sentenced him to imprisonment for sixteen years in each case to run concurrently. In trial court cause number 114-0687-19, Appellant signed written plea admonishments in which he pleaded "true" to violating the conditions of his community supervision and acknowledged his understanding that an application had been filed to revoke

community supervision. The trial court revoked Appellant's community supervision and sentenced him to ten years in prison, to run concurrently. Appellant signed a waiver of appeal in all three cases.

The clerk's record has been filed in all three appeals. Each of the trial court's certifications state that Appellant waived the right of appeal. Appellant signed all but one certification, refusing to sign the certification for trial court cause number 114-0689-19, and his trial counsel signed all three.[1] *See* TEX. R. APP. P. 25.2(d). Again, the clerk's records contain waivers of appeal signed by Appellant in each case and do not otherwise indicate the trial court gave Appellant permission to appeal. *See id.*

When the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal. *Id*. Based on our review of the record in all three appeals, the trial court's certifications appear to accurately state that Appellant does not have the right to appeal. *See **Dears v. State***, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This Court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). Because the trial court did not grant Appellant the right to appeal his convictions, we ***dismiss*** the appeals.

Opinion delivered September 2, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] An appellant's refusal to sign the certification does not prevent the appellate court from relying upon it. *See **Amador v. State***, No. 01-12-00337-CR, 2012 WL 5458438, at *1 n.1 (Tex. App.—Houston [1st Dist.] Nov. 8, 2012, no pet.) (mem. op., not designated for publication) (per curiam) (citing ***Mathis v. State***, No. 14-11-01058-CR, 2012 WL 424879, at * 1-2 (Tex. App.—Houston [14th Dist.] Feb. 9, 2012, no pet.) (refusal to sign certification did not prevent appellate court from moving forward on certification supported by the record); ***Mays v. State***, No. 02-07-00259-CR, 2008 WL 2930536, at *2 (Tex. App.—Fort Worth July 31, 2008, no pet.) (requirement that appellant sign certification was substantially complied with where appellant was present for abatement hearing, certification was read to him, and refusal to sign was noted); ***Jones v. State***, No. 09-07-00465-CR, 2007 WL 3306640, at *1 (Tex. App.—Beaumont Nov.7, 2007, no pet.) (treating statement on certifications that appellant refused to sign them as tantamount to signature for purposes of Rule 25.2(d)).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 2, 2020**

**NO. 12-20-00122-CR**

**JACOB BAILEY WRIGHT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0688-19)

---

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 2, 2020**

**NO. 12-20-00146-CR**

**JACOB BAILEY WRIGHT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0689-19)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 2, 2020**

**NO. 12-20-00147-CR**

**JACOB BAILEY WRIGHT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0687-19)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*